UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **INVESTAR BANK, NATIONAL ASSOCIATION** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-680-EWD** |
| **BOB G. DEAN, JR.** | **CONSENT** |

## RULING AND ORDER

Before the Court is the Motion for New Trial,[1] filed by Defendant Bob G. Dean Jr. ("Dean"). Additional briefing is not necessary. The Motion will be denied because Dean has not established either a manifest error of law or fact or newly discovered evidence requiring the issuance of an amended Judgment.

As a preliminary matter, although the applicable legal standards are the same,[2] Dean's request for "a new trial" is technically improper because no trial has taken place. What Dean appears to seek is reconsideration of the Judgment under a Fed. R. Civ. P. 59(e).[3] Dean objects to the Court's November 14, 2023 Judgment[4] on two grounds. First, Dean objects to the word "Consent" in the caption of the Judgment because he suggests that the use of that term signifies that the Judgment is a consent judgment to which Dean did not agree.[5] Dean also objects to the second paragraph of the Judgment,[6] contending that Investar Bank, National Association ("Plaintiff") did not seek "such

---

[1] R. Doc. 73.

[2] *See Appel v. Inspire Pharms., Inc.,* No. 09-1281, 2010 WL 3292703, at *1 (N.D. Tex. Aug. 19, 2010) ("Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted).").

[3] *Stone v. Brown,* No. 10-150, 2010 WL 4955779, at *1 (E.D. Tex. Dec. 1, 2010) ("In this case, there has been no trial of any type, either by jury or by nonjury or bench trial. Therefore, Plaintiff's request to conduct a "new" trial is inappropriate and misplaced. *See United States v. 16,540 in U.S. Currency,* 273 F.3d 1094, 2001 WL 1085106, at *2 (5th Cir. Aug. 30, 2001) (*per curiam* ).") *See also Appel.,* 2010 WL 3292703, at * 1 (motion for new trial following summary judgment construed as motion to alter or amend judgment under Rule 59(e)).

[4] R. Doc. 71.

[5] R. Doc. 73, p. 4.

[6] The second paragraph of the Judgment states: "**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this judgment does not preclude Plaintiff Investar Bank, National Association from bringing a separate civil action

relief" in its Motion for Summary Judgment and therefore Dean did not have a chance to oppose it. Dean further argues that, even if Plaintiff had properly sought it, "such relief would not be authorized by applicable law. Any costs of insurance, repairs, or property taxes for Investar's collateral, costs of collection, keeper fees, and other charges should have been included in the judgments on the mortgage notes and mortgages in those suits. The failure to do so precludes their being the subject of a second suit under principles of res judicata and issue preclusion."[7] Thus, Dean prays for the word "Consent," and the second paragraph, to be omitted and for an amended Judgment to be issued.

Both of Dean's arguments lack merit and do not establish grounds to alter the Judgment, which is discretionary and disfavored.[8] First, as is the general practice in this Court, the word "Consent" in the Judgment's caption (and in some other orders and rulings in this case, including this one) reflects only that the parties consented to the jurisdiction of the undersigned to conduct this proceeding, including entry of judgment.[9] In other words, this is a consent *case*, not a consent *Judgment*.[10]

As to his request to strike the second paragraph of the Judgment as improper, Dean argues that Plaintiff is seeking "relief" in connection with additional amounts that Dean claims were not prayed for in Plaintiff's Motion for Summary Judgment, and recovery of which is not permitted. The second paragraph of the Judgment reserves to Plaintiff the right to bring a separate action to recover

---

against Defendant Bob G. Dean, Jr. for advances it made after August 26, 2022 to cover the costs of insurance, repairs, or property taxes for Investar's collateral, costs of collection, keeper fees, and other charges for which Defendant Bob G. Dean, Jr. may be liable to Investar Bank, National Association. Any such charges incurred after August 26, 2022, and interest on those charges, are not included in or barred by this judgment." R. Doc. 71, p. 1.
[7] R. Doc. 73, p. 5.
[8] *Appel,* 2010 WL 3292703, at *1 ("District courts have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment.' *Hale v. Townley,* 45 F.3d 914, 921 (5th Cir.1995) … the Fifth Circuit has observed that Rule 59(e) 'favor[s] the denial of motions to alter or amend a judgment.' *Southern Constructors Group, Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir.1993).").
[9] *See* R. Docs. 17-18. *See, e.g.,* other rulings and orders with the "Consent" designation at R. Docs. 63, 65.
[10] This should also be obvious from the fact that the Judgment was entered based on the Ruling on Plaintiff's Motion for Summary Judgment. R. Doc. 65.

the listed expenses.[11]  The Judgment does not award these expenses to Plaintiff. Any objection Dean has to Plaintiff seeking recovery for those expenses in a separate proceeding, if one is ever filed, is more appropriately raised in that proceeding. To be clear, this Court does not pass on the appropriateness of any future attempts by Plaintiff to recover such amounts.

Accordingly,

**IT IS ORDERED** that the Motion for New Trial,[12] filed by Defendant Bob G. Dean, Jr., is **DENIED.**

Signed in Baton Rouge, Louisiana, on December 13, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] Plaintiff's first proposed Judgment had similar language. *See* R. Doc. 68, pp. 4-5 and R. Doc. 69.  Notably, could have lodged this objection before entry of the final Judgment, but he did not.  *See Appel,* 2010 WL 3292703, at *1 ("A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally* 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2810.1 (2d ed. 2010)" (other citation omitted)).  In fact, in response to the challenge Dean did raise to the first proposed Judgment – that it did not properly credit him for $4.75 million in insurance proceeds (R. Doc. 69) – Plaintiff voluntarily reduced the Judgment by more than the amount challenged by Dean, *i.e.*, from $36.8 million to $31 million.  *See* R. Docs. 70 & 71.

[12] R. Doc. 73.